■ Regina Carter, Individually and as Administratrix of the Estate of Clover Carter, Deceased, Appellant, v Isabella Geriatric Center, Inc., Respondent. [875 NYS2d 73]—Appeal from an order, Supreme Court, New York County (Sheila Abdus-Salaam,

J.), entered on or about January 10, 2008, which precluded plaintiff from offering expert testimony at trial based on her failure to provide sufficient expert disclosure and, based on that preclusion, dismissed the complaint, unanimously dismissed, without costs.

The order on appeal, which was issued at a conference, is not appealable as of right because it did not decide a motion made on notice (*see* CPLR 5701 [a] [2]; *Sidelev v Tsal-Tsalko*, 52 AD3d 398 [2008]; *Turbel v Societe Generale*, 37 AD3d 187 [2007]). We decline to grant leave to appeal (*see* CPLR 5701 [c]) because the record is not sufficiently developed to permit us to consider the issues raised by the parties. Notably, neither party made arguments nor submitted evidence before Supreme Court touching on the fact-based issue of which of plaintiff's claims sound in medical malpractice and which sound in ordinary negligence (*see Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787-788 [1996]). Relatedly, neither party made arguments nor submitted evidence addressing which of plaintiff's claims need to be supported by expert testimony and which do not. Plaintiff's remedy is a motion to vacate the order precluding her from calling expert witnesses and dismissing the complaint. Concur—Mazzarelli, J.P., Gonzalez, Sweeny, McGuire and DeGrasse, JJ.