■ Bolivar Amill, Respondent, v Lawrence Ruben Company, Inc., et al., Defendants, and Four Little Ones, LLC, Appellant. [985 NYS2d 52]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 2, 2013, which denied the motion of defendant Four Little Ones, LLC (Four Little) for leave to file an untimely summary judgment motion, and for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Four Little failed to establish good cause to make its second summary judgment motion more than 120 days after the note of issue was filed (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128-129 [2000]; CPLR 3212 [a]). Successive summary judgment motions should only be entertained where there is a "showing of newly discovered evidence or other sufficient justification" (*Jones v 636 Holding Corp.*, 73 AD3d 409, 409 [1st Dept 2010]), such as an intervening appellate decision in

the same case that clarifies or changes the controlling law (*see Pludeman v Northern Leasing Sys., Inc.*, 106 AD3d 612, 616 [1st Dept 2013]; *Trump Vil. Section 3 v New York State Hous. Fin. Agency*, 307 AD2d 891, 894 [1st Dept 2003], *lv denied* 1 NY3d 504 [2003]).

Here, this Court's decision in the prior appeal (*Amill v Lawrence Ruben Co., Inc.*, 100 AD3d 458 [1st Dept 2012]) does not provide a justification for Four Little's second, untimely motion. On the prior motion, certain codefendants demonstrated they could not be held liable as out-of-possession landlords for a nonstructural defect that did not violate a specific statutory safety provision, and another codefendant showed that it was an employer entitled to rely on the exclusivity provision of the Workers' Compensation Law (*id.*). We further held that Four Little had not established entitlement to summary judgment on the sole issue it raised, namely, whether it had established its entitlement to rely on the Workers' Compensation Law defense.

Four Little now argues that it is entitled to summary judgment because the accident arose out of the means and methods of plaintiff's work and not from a defective condition on the premises for which it could be held liable. Four Little's current arguments could have been raised on the prior motion, and it is well established that "[p]arties [are not] permitted to make successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment" (*Phoenix Four v Albertini*, 245 AD2d 166, 167 [1st Dept 1997] [internal quotation marks omitted]). In any event, the legal conclusions in our prior decision do not require judgment for Four Little, which, as the commercial tenant of the premises, had a common-law duty to maintain the premises in reasonably safe condition (*see e.g. DeMatteis v Sears, Roebuck & Co.*, 11 AD3d 207, 208 [1st Dept 2004]). Concur—Mazzarelli, J.P., Renwick, Feinman, Gische and Kapnick, JJ.