Kucher v Sohayegh (2020 NY Slip Op 02550)





Kucher v Sohayegh


2020 NY Slip Op 02550


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11437 156221/16

[*1]Mario Kucher, Plaintiff-Respondent-Appellant,
v
Elliot Sohayegh, et al., Defendants-Appellants-Respondents.


The Price Law Firm LLC, New York (Joshua C. Price of counsel), for appellants-respondents.
Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about October 9, 2019, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment dismissing the counterclaim, and denied defendants' cross motion for summary judgment dismissing the cause of action for breach of contract and on its counterclaim, unanimously modified, on the law, to grant defendants' motion as to the breach of contract cause of action, and otherwise affirmed, without costs.
The record demonstrates that plaintiff, who is not a licensed real estate broker, may not recover for breach of contract pursuant to Real Property Law § 442-d because the subject property was the dominant feature of the transaction at issue. Plaintiff failed to raise a factual issue that the "Management Fee Agreement" that provided plaintiff with a "Management Fee" of $1 million is a finder's fee or a fee for services facilitating the purchase and sale of that property (Real Property Law § 440[1]; Sorice v Du Bois, 25 AD2d 521 [1st Dept 1966]). The record does not support plaintiff's claim that the compensation he seeks is for any non-brokerage, management services he rendered in connection with the transaction (see Futersak v Perl, 84 AD3d 1309 [2d Dept 2011], lv denied 18 NY3d 943 [2012]).
The court otherwise correctly denied the parties' motions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK