Matter of CUCS HDFC v Aymes (2021 NY Slip Op 00991)





Matter of CUCS HDFC v Aymes


2021 NY Slip Op 00991


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 159303/18 Appeal No. 13124-13125 Case No. 2020-01458 2020-01456 

[*1]In the Matter of CUCS HDFC et al., Petitioners-Respondents,
v
Clifford S. Aymes, Respondent-Appellant.


Clifford Aymes, appellant pro se.
Klein Slowik PLLC, New York (Christopher M. Slowik of counsel), and Henry H. Korn, PLLC, New York (Henry H. Korn of counsel), for respondents,



Appeal from interim order, Supreme Court, New York County (Melissa A. Crane, J.), entered July 23, 2019, which, upon petitioners' emergency application, ordered respondent to allow petitioners access to his property to install overhead protection, unanimously dismissed, with costs. Orders, same court and Justice, entered December 9, 2019, which denied respondent's motions for summary judgment on his counterclaim for an injunction against petitioners' construction of a proposed building, unanimously affirmed, with costs.
The interim order from which respondent purports to appeal is not appealable as of right (see CPLR 5701[a][2]; Carter v Isabella Geriatric Ctr., Inc., 60 AD3d 520 [1st Dept 2009]). If we were to review it, we would conclude that the court providently exercised its discretion in granting petitioners a license pursuant to RPAPL 881 to erect a sidewalk shed over portions of respondent's property as overhead protection.
Petitioners waived any defense that respondent lacks standing or that this is an improper forum in which to assert his counterclaim by failing either to raise such affirmative defenses in their reply to the counterclaim or to move to dismiss the counterclaim on those grounds (CPLR 404[b]; 3211[a][3], [6]; [e]; Security Pac. Natl. Bank v Evans, 31 AD3d 278, 280-281 [1st Dept 2006], appeal dismissed 8 NY3d 837 [2007]). However, the court properly denied as improper successive summary judgment motions respondent's motions in sequence 5 and 6 for summary judgment on his counterclaim based on his contention that petitioners' building violates the Zoning Resolution of the City of New York, since respondent had previously sought summary judgment on his claim that petitioners' building violates the Zoning Resolution (see Amill v Lawrence Ruben Co., Inc., 117 AD3d 433 [1st Dept 2014]; Phoenix Four v Albertini, 245 AD2d 166 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021