Kucher v Sohayegh (2022 NY Slip Op 00273)





Kucher v Sohayegh


2022 NY Slip Op 00273


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 156221/16 Appeal No. 15101 Case No. 2021-02857 

[*1]Mario Kucher, Plaintiff-Appellant,
v
Elliot Sohayegh et al., Defendants-Respondents.


Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellant.
The Price Law Firm, LLC, New York (Jennifer Milosavljevic of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about May 21, 2021, which denied plaintiff's motion for summary judgment on his unjust enrichment and promissory estoppel claims and dismissing defendants' counterclaim and second and third affirmative defenses, unanimously affirmed, without costs.
Plaintiff failed to show that this motion for summary judgment, his second in this case, should not be disfavored as a successive motion because it was based on new evidence (see Amill v Lawrence Ruben Co., Inc., 117 AD3d 433 [1st Dept 2014]). Contrary to his contention, the testimony he cites, not yet given at the time of his first motion, is not a determinative concession of liability. Also unavailing is plaintiff's argument that this motion was not a "successive" motion because in a prior appeal this Court dismissed his breach of contract claim (see Kucher v Sohayegh, 182 AD3d 523 [1st Dept 2020]). Plaintiff failed to show that our dismissal pursuant to Real Property Law §442-d changed or clarified existing law. Nor did plaintiff show that it was procedurally proper for him to move a second time for the summary dismissal of defendants' counterclaim and affirmative defenses.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022