Angelo Gordon Real Estate Inc. v Benlab Realty, LLC (2023 NY Slip Op 02377)

Angelo Gordon Real Estate Inc. v Benlab Realty, LLC

2023 NY Slip Op 02377

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Index No. 652062/20 Appeal No. 169-170 Case No. 2022-02176 2022-03151 

[*1]Angelo Gordon Real Estate Inc., Plaintiff-Respondent,
v
Benlab Realty, LLC, et al., Defendants-Appellants. 

Gabay & Bowler, LLP, New York (Anne Marie Bowler of counsel), for appellants.
Meister Seelig & Fein PLLC, New York (Stephen B. Meister of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered June 7, 2022, declaring that plaintiff was entitled to return of its $12 million deposit and awarding judgment in that amount, and bringing up for review an order, same court and Justice, entered on or about April 8, 2022, which granted plaintiff's motion for summary judgment and denied defendants' motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The parties entered into 11 purchase and sale agreements (PSAs), for properties located on Manhattan's west side, some of which contained commercial tenants. The PSAs were interdependent in that they provided that the mutual obligation to close was conditioned on simultaneous closing of the properties. Thus, if defendant sellers failed to make a conforming tender under any of the 11 PSAs, plaintiff purchaser was entitled to terminate that PSA as well as the 10 other PSAs and receive a refund of the deposit plus interest. Several of the PSAs for the commercial tenants provided that, as a condition precedent to plaintiff's obligation to close, defendants were required to provide tenant estoppel certificates certifying that "[n]either Tenant nor Owner-Landlord is in breach or default under the Lease, and Tenant knows of no event which, with the passage of time or the giving of notice or both, would constitute a breach or default under the Lease by Tenant or Owner-Landlord." As allowed by the terms of the PSAs, rather than provide tenant estoppel certificates, defendants provided sellers' estoppel certificates for certain of the commercial tenants.
Supreme court properly granted summary judgment to plaintiff because defendants breached a material obligation under the PSAs, by failing to provide estoppel certificates conforming to the requirements of the PSAs (see Grace v Nappa, 46 NY2d 560, 567 [1979]; Fifteenth & Fifth LLC v LG Park Slope LLC, 199 AD3d 412, 412 [1st Dept 2021]). The seller estoppel certificates stated that the owner-landlord was not in default under the lease, but, contrary to the requirements of section 20(f) or schedule 20(f) of the PSAs, omitted the language that the tenants were not in breach or default of the lease.
Furthermore, despite defendants' contention to the contrary, no other section of the PSAs relieved defendants from fulfilling their closing obligations to provide estoppel certificates as provided in section 20(f), as a contract is to be construed so as to give effect to each and every part (see id. at 412, FCI Group, Inc. v City of New York, 54 AD3d 171, 176-177 [1st Dept 2008], lv denied 11 NY3d 716 [2009]). To the extent defendants may have been entitled to the opportunity to cure, they waived it by their refusal to seek that opportunity or to actually cure. Finally, defendants' failure to tender conforming estoppel certificates meant they were not "ready, willing and [*2]able to close" on the closing date (see Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 138 [1st Dept 2012]), thus excusing plaintiff from performing under the PSAs.
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023