| CUCS Hous. Dev. Fund v Aymes |
|:---:|
| 2024 NY Slip Op 30009(U) |
| January 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159303/2018 |
| Judge: Melissa Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. MELISSA A. CRANE**                                      PART

_____

*Justice*

-------------------------------------------------------------------------X

CUCS Housing Development Fund et al
                                              Petitoners,

|  |  |
|---|---|
| INDEX NO. | 159303/2018 |

- v -

|  |  |
|---|---|
| MOTION SEQ. NO. | 010 |

Clifford S. Aymes

                              Respondent

**DECISION on Special Proceeding Counterclaims and Motion 10 with cross motion**

-------------------------------------------------------------------------X

Melissa A. Crane JSC

This case started out as a simple RPL 881 proceeding that has become a mess due to Respondent's incessant, repetitive motion practice and Petitioners' failure to protect themselves, until now, from Respondent's counterclaims.

Respondent has made 7 out of the 10 motions in this case and 9 out of the 12 cross motions. The result has been a docket that is cluttered with irrelevant material and repetitive arguments.

Although the amended answer was served in October of 2018, and Petitioners replied to the counterclaims in November 2018, it was not until June 2023 that petitioners finally moved to dismiss pursuant to CPLR 3211 (a) (2), (7) and (10). Respondent Mr. Aymes has cross moved, *inter alia,* for sanctions and for default. My Aymes has also insisted that this case, being a special proceeding, continue via CPLR 409(b) whereby "[t]he court shall make a summary

1

[* 1]

determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised. The court may make any orders permitted on a motion for summary judgment."

The court has acquiesced to Mr Aymes request (*see* EDOC 344 [2/23/23 order] [noting that a hearing was held on 2/10/23 and that respondent is "emphatic that this case should proceed pursuant to CPLR 409(b)]"). Accordingly, both sides having put in their proof and arguments, the court will treat the motions, as well as all prior filings in this case as akin to a summary judgment motion per CPLR 409(b) as respondent has requested.

Respondent, who is not a lawyer, clearly is very bright, and has in some ways outmaneuvered his opposing counsel. It is time, however, for this case to end. The court dismisses the counterclaims because Respondent, who has the burden of proof on his counterclaims, has failed to demonstrate damages, and has already lost on his request for injunctive relief.

The procedural history of this case is important to understand how we got to this point. Petitioner originally sought a license to underpin respondent's property. Petitioner was about to commence a construction project to provide New York City's homeless population with affordable housing. Respondent owns a one-story, unoccupied building adjoining petitioners' project.

On 2/26/2019, the court granted the petition in this case to afford petitioners an 881 license to underpin respondent's property [see EDOC 73]. At no time prior to this decision did Petitioners ever withdraw their petition or inform the court that they had changed their process and determined not to underpin respondent's property. Thus, the 2/26/2019 decision wound up being in large part unnecessary and a waste of judicial resources.

2

[* 2]

In that same 2/26/2019 decision, the court denied motion 3 in which respondent requested summary judgment on his counterclaims, all involving various alleged violations of the zoning laws. The Appellate Division, First Department affirmed the rulings in motions 1, 2 and 3, including specifically holding that "**respondent was not entitled to summary judgment on his counterclaim to enjoin construction**" (*CUCS Hous. Dev. Fund Corp. IV v. Aymes*, 183 A.D.3d 404 [1st Dep't 2020]). Respondent's motion 4, for reargument was denied.

Construction progressed on the building without the underpinning, but with safety measures, such as scaffolding, that Respondent also opposed. Respondent's opposition necessitated an interim order, on July 23, 2019, upon Petitioners' application, to allow Petitioners access to Respondent's property to install overhead protections.

Respondent then filed motions 5 and 6 in which he made the same arguments involved in his first motion for summary judgment. On 12/6/2019, the court denied the motions stating that, not only were the issues already decided, but also: (1) Respondent lacked standing because he never challenged the DOB's approval of Petitioners' plans through an Article 78 proceeding and (2) Respondent never explained how Petitioner's project did or will damage him [EDOC 211]. Undeterred, Respondent moved for reargument (motion 7). The court denied that motion. Then, respondent filed motion 8 which he described as a "renewal" motion but was really just the same summary judgment motion in disguise. On 10/21/2020, the court denied motion 8 and granted petitioners' cross motion for sanctions [see EDOC 264].

On February 16, 2021, the Appellate Division, First Department affirmed this court's July 23, 2019 interim order allowing for the protections Petitioners had sought and affirmed the 12/6/2019 order that had denied Respondent's successive summary judgment motion in motions 5 and 6. However, the Appellate Division rejected this court's analysis that Respondent lacked

3

[* 3]

standing because this was not an article 78 proceeding. The Appellate Division stated this was

because Petitioners had waived the issue of Respondent's standing having failed to move to

dismiss:

> "Petitioners waived any defense that respondent lacks standing or that this is an improper forum in which to assert his counterclaim by failing either to raise such affirmative defenses in their reply to the counterclaim or to move to dismiss the counterclaim on those grounds (CPLR 404[b]; 3211[a][3], [6]; [e]; *Security Pac. Natl. Bank v. Evans,* 31 A.D.3d 278, 280–281, 820 N.Y.S.2d 2 [1st Dept. 2006], *appeal dismissed* 8 N.Y.3d 837, 830 N.Y.S.2d 8, 862 N.E.2d 86 [2007]). However, the court properly denied as improper successive summary judgment motions respondent's motions in sequence 5 and 6 for summary judgment on his counterclaim based on his contention that petitioners' building violates the Zoning Resolution of the City of New York, since respondent had previously sought summary judgment on his claim that petitioners' building violates the Zoning Resolution (*see Amill v. Lawrence Ruben Co., Inc.,* 117 A.D.3d 433, 985 N.Y.S.2d 52 [1st Dept. 2014]; *Phoenix Four v. Albertini,* 245 A.D.2d 166, 665 N.Y.S.2d 893 [1st Dept. 1997]).

*CUCS HDFC v. Aymes*, 191 A.D.3d 522 (1st Dep't 2021).

On 4/14/2021, the court decided motion 9 and disposed of the case. Motion 9 was

Petitioners' motion for attorney's fees attendant to the sanction in motion 8. At this point, the

court marked the case disposed, because: (1) the building was complete; (2) the Appellate

Division had already affirmed this court's holding that respondent was not entitled to injunctive

relief and (3) this court had already found that Respondent had articulated no damages. There

was simply no possible relief remaining for the court to award.

Nevertheless, the Appellate Division, First Department reversed this court's 4/14/2021

decision "on the facts, without costs, to delete that indication, and remanding for further

proceedings on the counterclaim" because "there had been no final determination on

respondent's counterclaim" (*CUCS HDFC v. Aymes,* 209 A.D.3d 428, 174 N.Y.S.3d 830 [2022]).

The Appellate Division did not explain whether "on the facts" referred to the actuality that

petitioners had never moved to dismiss respondent's counterclaims, or whether it was remanding

4

for this court to hear respondent's counterclaims because it thought those counterclaims had merit.

This brings us to current motion 10. In motion 10, Petitioner has finally moved to dismiss on several grounds:

(1) Pursuant to CPLR 3211(a)(2), dismissing the counterclaim, on the ground that the Court has not subject matter jurisdiction over the causes of action therein;

(2) Pursuant to CPLR 3211(a)(7), CPLR 3013, and CPLR 3001, dismissing the counterclaims, on the ground that Respondent fails to state a cause of action;

(3) Pursuant to CPLR 3211(a)(10) and CPLR 7802, dismissing the counterclaims, on the ground that the counterclaims may not proceed in the absence of persons who should have been named as parties, to wit, the CITY OF NEW YORK, a municipal corporation, acting by and through its instrumentalities CITY COUNCIL, NEW YORK CITY DEPARTMENT OF CITY PLANNING, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, and NEW YORK CITY DEPARTMENT OF BUILDINGS; which entities issued the approvals and permits enabling construction and operation of Petitioner's assistive-living facility at 302-314 West 127th Street, New York, New York.

(*see* Notice of Motion EDOC 346). Respondent Mr. Aymes has cross moved, *inter alia*, for sanctions and for default.

As discussed earlier, despite the Appellate Division remanding for "further proceedings," Mr. Aymes insisted that this case, being a special proceeding, continue via CPLR 409(b) [see EDOC 344 and accompanying transcript]. The court has acquiesced to Mr Aymes's request and will treat the motion, the cross motion and all other papers interposed in this action as the record for the purposes of CPLR 409 (b).

There are two principal arguments Petitioners make. First, Petitioners argue that the failure to add the public agencies who approved the project is a fatal defect in the counterclaims that cannot be waived. However, in its review of this court's order of December 9, 2019, the Appellate Division, First Department ruled that respondent could proceed on his counterclaims for zoning violations in this proceeding without bringing an article 78 proceeding:

"Petitioners waived any defense that respondent lacks standing or that this is an improper forum in which to assert his counterclaim by failing either to raise such affirmative defenses in their reply to the counterclaim or to move to dismiss the counterclaim on those grounds (CPLR 404[b])"

(191 AD3d 522).

Next, Petitioner argues that Respondent failed to move for temporary or preliminary injunctive relief sufficiently to avoid mootness. This is incorrect. This court denied Respondent's request for injunctive relief several times and the Appellate Division has affirmed: "respondent was not entitled to summary judgment on his counterclaim to enjoin construction" (*CUCS Hous. Dev. Fund Corp. IV v. Aymes*, 183 A.D.3d 404 [1st Dep't 2020]). As the building has now been completed, the request for an injunction is now moot anyway (*see Comm. for Environmentally Sound Dev. v. Amsterdam Ave. Redevelopment Assocs. LLC,* 194 A.D.3d 1 [1st Dep't 2021]).

To the extent Respondent can still ask for an injunction, the balance of the equities do not favor him. "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a 'violation of a right presently occurring, or threatened and imminent,' that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (*Caruso v. Bumgarner,* 120 A.D.3d 1174, 1175, 992 N.Y.S.2d 102, quoting *Elow v. Svenningsen,* 58 A.D.3d 674, 675, 873 N.Y.S.2d 319; *Aponte v. Est. of Aponte*, 172 A.D.3d 970, 974 [2d Dep't 2019]).

The land-use application process by which Petitioners sought approval to build their facility culminated in issuance of resolutions by the City Council dated April 11, 2018 [*see* EDOC 369]. The Department of Buildings has approved Petitioners' plans [*see e.g.* EDOC 358]. The building is complete and currently serves formerly homeless New Yorkers who would have to return to the streets should the court order the building torn down. Meanwhile, Respondent's

6

adjacent property sits vacant, unused, and empty without utilities including electricity, or even a secure front entrance to keep trespassers and vandals out. Accordingly, to the extent not already ruled upon or moot, the court denies Respondent's request for a permanent injunction.

Having been denied injunctive relief several times, there is nothing left for Respondent to ask for, except damages. But Respondent has admitted that he has no damages, at least not yet. Maybe that is why he failed to interpose anything on this record to show damages, even for example, that his property value declined because of Petitioner's project.

Thus, at this point, Respondent has no damages, and he is not entitled to injunctive relief. The court therefore dismisses the counterclaims with prejudice. The court finds the remaining contentions of both parties to be unavailing.

Accordingly, it is

ORDERED that, after a hearing and other proceedings pursuant to CPLR 409, the court dismisses the counterclaims; and it is further

ORDERED that the motion and cross motion are denied as moot; and it is further

ORDERED that the clerk is directed to mark this matter disposed.

1/2//2024

_____

Hon. Melissa Crane

| CHECK ONE: | | X | CASE DISPOSED | | | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | | | GRANTED IN PART | X OTHER |

7