**Santiago v Genting N.Y. LLC**

2024 NY Slip Op 31365(U)

April 19, 2024

Supreme Court, New York County

Docket Number: Index No. 157665/2019

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. MARGARET A. CHAN**         PART               **49M**

*Justice*

---------------------------------------------------------------------X

EDWIN SANTIAGO,

                          Plaintiff,

          - v -

GENTING NEW YORK LLC i/s/h/a RESORTS WORLD
CASINO, PLAZA CONSTRUCTION LLC, and UNITED
ARCHITECTURAL METALS, INC.,

                        Defendants.

---------------------------------------------------------------------X

GENTING NEW YORK LLC i/s/h/a RESORTS WORLD
CASINO and PLAZA CONSTRUCTION LLC

                  Third Party Plaintiffs,

        -against-

UNITED ARCHITECTURAL METALS, INC.

                Third Party Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157665/2019 |
| MOTION DATE | 10/10/2023 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595448/2020

The following e-filed documents, listed by NYSCEF document number (Motion 005) 211, 212, 213, 214, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232

were read on this motion to/for           REARGUMENT/RECONSIDERATION     .

      In this labor law personal injury action, third-party defendant United Architectural Metals, Inc. (UAM) moves pursuant to CPLR 2221 to reargue its motion for summary judgment dismissing all claims against it, which was denied by this court in Decision and Order dated September 27, 2023 (NYSCEF # 205 – Prior Decision). Plaintiff Edwin Santiago and defendants/third-party plaintiffs Genting New York LLC i/s/h/a Resorts World Casino (Genting) and Plaza Construction LLC (Plaza) oppose. For the reasons below, this motion (MS 005) is denied in part and granted in part.

## BACKGROUND[1]

      The court assumes the parties' familiarity with the factual background of this case, which was detailed in the court's Prior Decision (NYSCEF # 205). In short, plaintiff alleges that he was injured on July 25, 2019, while working on the Resort

---

[1] Unless otherwise specified, the following facts are drawn from the Prior Decision (NYSCEF # 205).

**157665/2019 SANTIAGO, EDWIN vs. GENTING NEW YORK LLC**               Page 1 of 7
**Motion No. 005**

World Casino Expansion project located at 110-00 Rockaway Boulevard, Jamaica, New York. Genting was the project owner, and Plaza was the construction manager. Plaza subcontracted non-party Massey's Plate Glass & Aluminum, Inc. (Massey) to install glass window panels to the exterior of certain buildings being constructed at the site. Massey purchased these glass panels from UAM (NYSCEF # 37 at 9-13 – Purchase Order) and engaged plaintiff's employer, non-party Utopia Construction of NY Corp., to perform the actual installation.

Under Massey's Purchase Order with UAM, UAM was obligated to fabricate the glass panels and pack them into certain wood crates that UAM built in-house, before delivering the crated panels to the project site (*id.*). Specifically, UAM was also to ensure that "each crate . . . ha[s] protection so material does not get damaged during unloading & hoisting into building" (*id.* at 12). The Purchase Order also required UAM to indemnify "Massey, its affiliates, [and] customers" for losses and claims that arise out of injuries "in any way arising out of or caused by the work or services performed, or articles furnished by [UAM]" (*id.* at 10, § 5).

Two months before plaintiff's workplace accident, workers at the site noticed issues with the placement and securing of the panels inside the crates. They notified Massey, who in turn put UAM on notice that the panels were loose and moving inside the crates. On the day of the accident, plaintiff was using dollies to move a crate of panels to an installation point. Plaintiff was injured when he and his coworkers were about to wheel the crate over a ramp; plaintiff grabbed the wood crate from the inside of the crate when a panel in the crate slid towards plaintiff, hitting the back of plaintiff's right hand and breaking the crate. Photos of the accident scene showed that one side of the crate was busted open by the panels, and a piece of wood at the top of crate was hanging mid-air. All eyewitnesses, including plaintiff, testified consistently with the above description of the incident. The day after the accident, UAM sent Keith Ely to the site to inspect the crates and he observed that the crate at issue had "come apart" (NYSCEF # 68 – Ely tr at 76:6-13, 77:13-15).

Of relevance here, plaintiff has a claim for negligence against UAM (NYSCEF # 189 – Amended Compl), and Plaza and Genting have third-party claims for common law contribution, indemnification, and contractual indemnification against UAM (NYSCEF # 171 – Amended Third Party Compl). Previously, in MS 002, plaintiff moved for summary judgment on the negligence claim. In MS 003, Plaza and Genting only moved to dismiss plaintiff's amended complaint and did not move on their third-party claims against UAM. In MS 004, UAM moved for summary judgment dismissing all claims against it, and Plaza and Genting cross moved for summary judgment on the contractual indemnification claim.

The Prior Decision, which covered MS 002, 003, and 004, (i) denied the branch of plaintiff's summary judgment motion on the negligence claim, (ii) denied UAM's summary judgment motion in its entirety, and (iii) granted Plaza and Genting's cross motion for summary judgment on the contractual indemnification claim (NYSCEF # 205).

157665/2019   SANTIAGO, EDWIN vs. GENTING NEW YORK LLC
Motion No. 005

Page 2 of 7

2 of 7

[* 2]

Now, in MS 005, UAM seeks leave to reargue its previous summary judgment motion (MS 004), asserting that the Prior Decision overlooked its reply affirmation on the contractual indemnification claim (NYSCEF # 199; NYSCEF # 212 – MS 005 MOL, ¶¶ 4, 5).[2] UAM further alleges that this court misconstrued plaintiff's testimony relating to the common law claims (NYSCEF # 212, ¶¶ 14-17). Upon reargument, UAM moves for summary judgment dismissing all claims against it (*id.* at 7). Both plaintiff and Plaza and Genting oppose (NYSCEF #s 219, 221).

## DISCUSSION

"A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [quotation marks omitted]). Such a motion "is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law" (*Pro Brokerage, Inc. v Home Ins. Co.*, 99 AD2d 971, 972 [1st Dept 1984] [internal quotation marks and citation omitted]). On a motion to reargue, the movant may not introduce facts or legal arguments that are not submitted on the original motion (*see Jones v City of New York*, 146 AD3d 690, 691 [1st Dept 2017] [refused to consider new affidavits not offered before]; *see DeSoignies v Cornasesk House Tenants' Corp.*, 21 AD3d 715, 718 [1st Dept 2005] [the movant cannot argue a new theory of liability on a motion to reargue]).

On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017]). A party moving for summary judgment must make a prima facie showing that it is entitled to judgment as a matter of law (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016]). In the presence of a genuine issue of material fact, a motion for summary judgment must be denied (*see Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]; *Grossman v Amalgamated Haus. Corp.*, 298 AD2d 224, 226 [1st Dept 2002]).

### *Plaintiff and Plaza and Genting's Common Law Claims Against UAM*

The claims at issue here are plaintiff's claim for negligence and Plaza and Genting's claims for common law contribution and indemnification against UAM. In its previous summary judgment motion, UAM posited that it did not owe plaintiff any duty and therefore was not liable for common law claims that predicated on a finding of negligence (NYSCEF # 108, ¶¶ 23-26, 44).

The Prior Decision denied UAM's motion for summary judgment dismissing these common law claims, finding questions of fact exist regarding whether UAM

---

[2] In MS 004, UAM filed two separate reply affirmations (NYSCEF #s 198, 199). The first reply affirmation addressed plaintiff's opposition in MS 004 concerning the common law negligence claim (NYSCEF # 198), and the second reply affirmation was made in response to Plaza and Genting's opposition in MS 004 on the contractual indemnification claim (NYSCEF # 199).

**157665/2019   SANTIAGO, EDWIN vs. GENTING NEW YORK LLC**
**Motion No. 005**

Page 3 of 7

3 of 7

owed a duty to plaintiff (NYSCEF # 205 at 10-11). The Prior Decision explained that under the *Espinal* doctrine, UAM would have a duty to plaintiff if UAM "negligently creat[ed] or exacerbat[ed] a dangerous condition" (*id.* at 10; *see Espinal v Melville Snow Contractors, Inc.*, 98 NY2d 136, 138 [2002]). Based on plaintiff's testimony describing the accident, the Prior Decision noted that "when the crate at issue was being moved, the panels inside shifted out and busted it open" (NYSCEF # 205 at 10). Thus, the Prior Decision concluded the record raises a triable issue of fact that "UAM negligently created a dangerous condition by crat[ing] the panels loosely inside easily-broken crates" (*id.* at 11).

Now, in seeking leave to reargue the common law claims, UAM does not point to any facts that were overlooked by the court but claims that the court misconstrued plaintiff's testimony cited in the Prior Decision (NYSCEF # 212, ¶¶ 14-17). The court is not persuaded. UAM itself admitted that plaintiff's testimony "describe[d] the crate breaking" when being hit by the panels (*id.* ¶ 17). UAM also conceded that "the crate may have become damaged in the course of the accident" (NYSCEF # 212, ¶ 20). The record contains abundant evidence that the panels moved inside and busted open the crate when the injury occurred (NYSCEF # 61; NYSCEF # 63 at 130:25-131:16; NYSCEF # 68 at 76:6-13, 77:13-15). Perplexingly, however, UAM seeks reargument asserting that the court misunderstood the facts when concluding that the crate at issue might be defective (*id.* ¶ 14). As such, UAM has failed to demonstrate that it is entitled to reargument on this ground.[3]

Accordingly, UAM's request for leave to reargue the common law claims against it is denied.

### *Plaza and Genting's Contractual Indemnification Claim Against UAM*

As to Plaza and Genting's contractual indemnification claim against UAM, the Prior Decision granted summary judgment to Plaza and Genting because they were Massey's customers, whom UAM agreed to indemnify under its Purchase Order with Massey (NYSCEF # 205 at 11-12). UAM's competing summary judgment motion on this claim (MS 004) was therefore denied (*id.*).

Nevertheless, the Prior Decision overlooked UAM's reply affirmation submitted in connection with this claim (NYSCEF # 199) and deemed that UAM did not respond on this issue (NYSCEF # 205 at 11). As such, UAM's current motion to reargue (MS 005) is granted on the contractual indemnification claim (*see William P. Pahl Equip. Corp.*, 182 AD2d at 27).

Upon reargument, UAM seeks an order that denies summary judgment to Plaza and Genting on the contractual indemnification claim and instead grants summary judgment to UAM, dismissing this contractual indemnification claim

---

[3] To be clear, the Prior Decision considered and rejected UAM's meritless position that the subject crate was not defective simply because it did not break *before/until the accident occurred* (NYSCEF # 108, ¶¶ 4, 27-34). Taken at its face value, this argument posits that the panels did not come loose until they did, and the crate did not break apart until the panels broke it. If anything, this undercuts rather than advances UAM's position that the particular crate was not defective as a matter of law.

**157665/2019  SANTIAGO, EDWIN vs. GENTING NEW YORK LLC**
**Motion No.  005**

Page 4 of 7

(NYSCEF # 212 at 7). UAM first contends that Plaza and Genting's cross motion in MS 004 is a "successive motion[] for summary judgment" that should not have been heard (NYSCEF # 212, ¶ 7). In opposition, Plaza and Genting clarify that although they filed a motion for summary judgment in the main action (MS 003) before making the cross motion in the third-party action, the scope of that prior motion is limited to plaintiff's claims, to the exclusion of any third-party claims against UAM. As such, the cross motion is their first motion for summary judgment on the contractual indemnification claim (*id.*).

New York courts tend not to entertain successive motions for summary judgment (*see Fleming and Assoc., CPA, P.C. v Murray & Josephson, CPAs, LLC*, 127 AD3d 428 [1st Dept 2015]). The policy of this rule is to discourage a party from repeatedly seeking the same relief by making "successive fragmentary attacks upon *a cause of action*" (*id.*; *Amill v Lawrence Ruben Co., Inc.*, 117 AD3d 433, 434 [1st Dept 2014] [emphasis added]). Here, Plaza and Genting's cross motion in MS 004 is not a successive summary judgment motion because it rests on a cause of action under which no prior relief has been sought by Plaza and Genting.

Next, UAM argues that Plaza and Genting's cross motion is untimely and therefore procedurally defective (NYSCEF # 212, ¶ 7). Plaza and Genting counterargue that the late cross motion raised issues nearly identical to those raised in UAM's timely filed MS 004 and therefore was properly before the court (NYSCEF # 219 at 13). The court agrees.

Generally, courts decline to consider untimely summary judgment motions unless good cause for delay is shown (*see Brill v City of New York*, 2 NY3d 648, 653 [2004]). As an exception, however, an untimely cross motion may be considered on its merits without a showing of good cause, if it addresses "nearly identical" issues in a timely filed summary judgment motion (*see Connor v AMA Consulting Engineers PC*, 213 AD3d 483, 484 [1st Dept 2023], *lv to appeal dismissed in part, denied in part*, 40 NY3d 1088 [2024]; *see also Kershaw v Hosp. for Special Surgery*, 114 AD3d 75, 87 [1st Dept 2013]). This exception applies to the case at bar because Plaza and Genting's cross motion was about their contractual indemnification claim against UAM, which was identical to one of the issues raised in UAM's timely-made motion for summary judgment (NYSCEF # 108, ¶¶ 12-19). As such, Plaza and Genting's cross motion in MS 004 was not procedurally deficient.

Turning to the merits of the contractual indemnification claim, UAM's Purchase Order with Massey required that UAM indemnify "[Massey], its affiliates, *customers*, employees" for claims relating to injuries arising out of "the work or service performed, or articles furnished by [UAM]" (NYSCEF # 37 at 10, § 5 [emphasis added]). Now UAM contends that this Purchase Order "contemplates only the indemnity of Masseys" because it "does not mention either Plaza or Genting" or define the term "customers" (NYSCEF # 212, ¶¶ 9, 11; NYSCEF # 232, ¶¶ 7, 10). UAM relies on *Tonking v Port Auth. of New York and New Jersey* (3 NY3d 486, 490 [2004]) to argue that the contractual indemnity clause in the

**157665/2019  SANTIAGO, EDWIN vs. GENTING NEW YORK LLC**                     Page 5 of 7
**Motion No.  005**

5 of 7

Purchase Order should be construed narrowly to the exclusion of Genting or Plaza (NYSCEF # 212, ¶¶ 10, 11, 13).

UAM's reliance in *Tonking* is misplaced. *Tonking* is one of the Court of Appeals' decisions that follow the governing rule for interpreting contractual indemnity clause as set forth in *Hooper Assoc., Ltd. v AGS Computers, Inc.* (74 NY2d 487, 491 [1989]). In *Hopper*, the Court of Appeals held that "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*id.*). That said, a party's promise to indemnify can be found if "it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*id.* at 491-492). A contractual indemnity clause, even when strictly read, does not leave out a promise to indemnify that is clearly implied from the entire contract (*id.*).

Here, reading UAM's Purchase Order with Massey as a whole, it clearly implied that the parties intended UAM to indemnify Plaza and Genting. To begin, the court rejects UAM's assertion that the Purchase Order only contemplated the indemnification of Massey and no other entities. It is settled rule that "a contract is to be construed so as to give effect to each and every part" and not to render part of its language "mere surplusage" (*FCI Group, Inc. v City of New York*, 54 AD3d 171, 176 [1st Dept 2008] [rejecting a contract interpretation that would cause part of the contract language superfluous]; *see also Angelo Gordon Real Estate Inc. v Benlab Realty, LLC*, 216 AD3d 420, 421 [1st Dept 2023]). Here, UAM's Purchase Order obligated it to indemnify "[Massey], its affiliates, customers, employees, successors and assigns" (NYSCEF # 37 at 10, § 5). If the only indemnitee under this clause is Massey, the foregoing sentence would be rendered largely superfluous.

Further, Plaza engaged Massey for the installation of the curtain wall and therefore is a customer of Massey's under the trade subcontract executed by Plaza and Massey (NYSCEF # 214). As to Genting (d/b/a Resorts World Casino), UAM avers that it was not Massey's customer because Genting did not directly contract with Massey (NYSCEF # 212, ¶ 12) and Genting was "not mentioned in the [Purchase Order] at all" (NYSCEF # 232, ¶ 9). UAM is mistaken. Genting's name— "Resort World" was mentioned five times in the Purchase Order (NYSCEF # 37 at 9, 12, 13). The Purchase Order explicitly identified "Resort World Casino Expansion" as the project name and "Resort World Jobsite" at 110-00 Rockaway Boulevard, Jamaica, New York as the delivery address for UAM to use for shipping the crated panels (*id.*). It is apparent from the Purchase Order that UAM and Massey executed it with the understanding that UAM's goods and services were ordered for Genting's project: Resort World Casino Expansion (*id.*).

Genting's relationship with Massey is also reflected in Massey's contract with Plaza, which was made with Genting's approval of (NYSCEF # 214 at 1, 3) and which required Massey to complete its work "under the direction and supervision of and to the entire satisfaction of Plaza . . . and [Genting]" (*id.* at 5, § 2.2). The only three parties listed on the cover page of this contract were Genting, Plaza, and

**157665/2019   SANTIAGO, EDWIN vs. GENTING NEW YORK LLC**                                   Page 6 of 7
**Motion No.  005**

6 of 7

Massey (*id.* at 1). Because Massey was obligated under this contract to satisfy Genting's needs and requirements, Genting also constituted a customer of Massey's.

Therefore, following the principles in *Hopper* and *Tonking*, the Purchase Order and the facts and circumstances surrounding it clearly imply that the intended customers of Massey's for purpose of the indemnification clause in the Purchase Order were Genting and Plaza. The Prior Decision properly granted Plaza and Genting's cross motion for summary judgment on the contractual indemnification claim (*see Torres v Morse Diesel Intern., Inc.*, 14 AD3d 401, 403 [1st Dept 2005] [granting summary judgment on a contractual indemnification claim where the intention to indemnify was clearly implied from the entire contract]). Accordingly, upon reargument, UAM's summary judgment dismissing Genting and Plaza's contractual indemnification claim is denied.

## CONCLUSION

In view of the above, it is hereby

ORDERED that third-party defendant United Architectural Metals, Inc. (UAM)'s motion for reargument (MS 005) is granted only on the contractual indemnification claim; and upon reargument, UAM's motion for summary judgment dismissing third-party plaintiffs Genting New York LLC i/s/h/a Resorts World Casino and Plaza Construction LLC's contractual indemnification claim against UAM is denied.

04/19/2024

DATE

MARGARET A. CHAN, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157665/2019   SANTIAGO, EDWIN vs. GENTING NEW YORK LLC
Motion No. 005

Page 7 of 7

[* 7]